UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

TONY CHRISTOPHER BURGER,

        Defendant.
_____ /

No. 16-20556

District Judge Judith E. Levy
Magistrate Judge R. Steven Whalen

**ORDER**

On January 26, 2017, the parties appeared for a scheduled competency hearing, following the Defendant's previously ordered mental evaluation under 18 U.S.C. § 4241 and the receipt of a written evaluation by Dr. Allyson N. Wood, Psy.D., a forensic psychologist employed at the Federal Medical Center in Lexington, KY. Defendant has moved for the opportunity to be examined by a psychologist or psychiatrist of his choice for a "second opinion" on the issue of competency, and possibly for other uses that may be pertinent to this case.

"First, it is clear that an order for a second psychiatric examination is a matter wholly within the discretion of the trial court." *United States v. Crosby*, 713 F.2d 1066, 1078 (5th Cir. 1983). *See also* 18 U.S.C. § 4247(d)(affording a defendant the opportunity to present evidence at a competency hearing). Defendant's counsel indicated that neither the Court nor the government would be asked to pay for the evaluation, and that he

anticipated a report within 45 days.

Accordingly, Defendant's request for a second evaluation is GRANTED, and the psychologist or psychiatrist selected by Defendant and that said psychiatrist will be granted access to the defendant's current medical treatment information and any other relevant medical or psychiatric information, including Dr. Woods' report.

The defense will bear the cost of the second evaluation.

The examining psychiatrist or psychologist will prepare, within 45 days from the date of this Order, or such further time as the Court may grant upon a showing of good cause, a written report that includes (1) the Defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The examiner will promptly file the written report with this Court and provide copies of the report to defense counsel and the attorney for the government.

In addition to previous excludable time, the period beginning with today's date and ending with the conclusion of the competency hearing, *see* 18 U.S.C. §§ 4241(c), 4247(d), which will take place after the Court and parties receive the examiner's written report, will be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C.

§§3161(h)(1)(F) and (h)(1)(A), and the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on defendant's mental competency or with the lapse of 30 days, whichever occurs first, will be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(J).

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: January 26, 2017

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 26, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager