## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

United States of America,

                    Plaintiff,        Case No. 16-20556

v.                              Judith E. Levy
                              United States District Judge

Tony Christopher Burger,

                    Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [68]

Before the Court is Defendant Tony Christopher Burger's motion for compassionate release. (ECF No. 68.) Defendant seeks compassionate release for two reasons. First, because he "will not be able to participate in sex offender treatment until he has completed 90% of his sentence. (ECF No. 68, PageID.1005.) Second, because he has health conditions that "put him at an increased risk" of "serious injury or death" if he were to contract COVID-19." (*Id.* at PageID.1016–1017.) For the reasons set forth below, the motion is denied.

## I.   Background

Defendant filed a renewed motion for compassionate release on May 24, 2021. (ECF No. 68.) He previously moved for compassionate release on September 24, 2020. (ECF No. 55.) The Court held a hearing on his original motion on December 18, 2020, and denied it for the reasons set forth on the record. (ECF Nos. 67, 69.)

The government opposes Defendant's renewed motion. As to Defendant's argument that he should be released because the Bureau of Prisons ("BOP") is not providing him with sex offender treatment now, the government states as follows. Sex offender treatment is offered "to willing inmates during the last 36 months of an inmate's sentence, prioritized by release date," because treatment offered closer in time to release will both improve the safety of the community in which sex offenders are released and will efficiently utilize BOP resources. (ECF No. 70, PageID.1058.) As to Defendant's COVID-19 argument, the government states that, as of April 27, 2021, Defendant is fully vaccinated against the COVID-19 virus. (ECF No. 70, PageID.1048.) And accordingly, there is no extraordinary and compelling reason for his release.

## II.    Legal Standard

Compassionate-release motions require a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

## III.   Analysis

### A.    No "Extraordinary and Compelling Reasons" Warrant Compassionate Release

Defendant does not present "extraordinary and compelling reasons" for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

### 1. Sex Offender Treatment

Defendant argues that he should be released "so that he can immediately receive sex offender treatment." (ECF No. 68, PageID.1008.) He states that the Court's recommendation that he receive treatment is "not a mandate for BOP to provide it," and that the fact that he has not completed the treatment "does not prohibit the Court from releasing him." (*Id*. at PageID.1008–1009.)

The government notes that "it remains unclear whether or not Burger will request sex offender treatment" and that he is "not on the waitlist" for treatment. (*Id*. at PageID.1058.) The Court interprets Defendant's motion as expressing a desire to receive treatment as soon as possible. To the extent the Court's interpretation of Defendant's argument is correct, it appreciates Defendant's motives, but rejects his argument.

It would seem, based in part on the studies attached to Defendant's renewed motion, that immediate and long-term treatment would perhaps give Defendant a greater chance for success upon his eventual release. However, the "extraordinary and compelling" reasons requirement is not met where Defendant disagrees with BOP's practice of offering sex

4

offender treatment at the end of a sentence. A district court's recommendations to the BOP, such as the Court's recommendation that Defendant receive sex offender treatment, are non-binding. *See United States v. Dandridge*, No. 21-1234, 2021 WL 7368669, at *2 (6th Cir. Nov. 5, 2021) (citing *United States v. Hebert*, 584 F.3d 691, 692 (6th Cir. 2009).) Accordingly, BOP is not bound to provide Defendant with sex offender training, nor is Defendant obligated to complete it. Moreover, neither the Court nor Defendant may dictate when, during Defendant's sentence, BOP should offer the training. Accordingly, Defendant's argument is denied.

## 2.  Defendant's Access to Vaccination Against COVID-19

Sixth Circuit precedent forecloses Defendant's argument that the presence of COVID-19 presents an "extraordinary and compelling reason" for his release. Defendant has access to, and received, COVID-19 vaccines.

Regardless of Defendant's vaccination status—including whether he has received booster shots between the time his motion was filed and today—the COVID-19 vaccine is available to all inmates in the Federal Bureau of Prisons, including inmates at the FCI Milan facility. *See*

5

COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus (June 30, 2022). And, the Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine— does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021 (quoting *Lemons*, 15 F.4th at 751)).[1]

---

[1] Whether Defendant is vaccinated against COVID-19 does not alter the Court's conclusion that his access to the COVID-19 vaccine reduces the risk that the virus will seriously harm him. The Sixth Circuit has "cast doubt on a defendant's ability to meet Section 3852's [sic] 'extraordinary and compelling reasons' requirement following their inoculation against COVID-19." *United States v. Sweet*, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021) (quoting *United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). The Sixth Circuit observed that "following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced." *Id.* (quoting *Lemons*, 15 F.4th at 751). Courts in this Circuit have also refused to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 vaccine. See *United States v. Austin*, No. 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021) (denying compassionate release in light of the COVID-19 pandemic to a prisoner who declined to be vaccinated, without justification, because of hesitance "to provide prisoners an incentive to increase their risk of contracting COVID-19 and developing severe symptoms."), *aff'd*, 2021 WL 4771125 (6th Cir. Aug. 9, 2021); *United States v. Manderfield*, No. 16-20817, 2021 WL 2476577, at *1 (E.D. Mich. June 17, 2021); *United States v. Goston*, No. 15-20694, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021); *United States v. Macgregor*, No. 15-20093, 2021 WL 1378786, at *1 (E.D. Mich. Mar. 12, 2021); *United States v. Ervin*, No. 14-000195 (M.D. Tenn. Mar. 5, 2021) (Richardson, J.).

Although Defendant has identified that he has certain health risks, some of which the CDC has identified as potentially putting him at greater risk of severe illness from COVID-19,[2] Defendant has been offered and has availed himself of the most significant prevention tool identified by the CDC:  COVID-19 vaccinations. *See* CDC, COVID-19 Medical Conditions, https://perma.cc/XT5L-LB4S  (Dec 5, 2022) ("Staying up to date with COVID-19 vaccines and taking COVID-19 prevention actions are important. This is especially important if you are older or have severe health conditions or more than one health condition, including those on this list."). Therefore, the danger currently posed to Defendant by COVID-19 at FCI Milan is not an extraordinary and compelling circumstance that warrants compassionate release.

## IV.  Conclusion

Accordingly, Defendant's motion for compassionate release (ECF No. 68) is denied.

IT IS SO ORDERED.

---

[2] Defendant's renewed motion does not explain what his medical conditions are. The Court presumes they are the same as what Defendant presented in his original motion for compassionate release (i.e., cerebral palsy, cognitive limitations, depression, psychosis, Graves' disease, hypothyroid, and former smoking habit).

Dated: December 22, 2022          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 22, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

8